IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


D'NANEKAI CARRIGAN-TERRELL,

        Plaintiff,

    vs.                        Civil Action 2:12-cv-387
                                    Judge Graham
                                    Magistrate Judge King

DOCTOR SILVIA, *et al.*,

        Defendants.


**REPORT AND RECOMMENDATION**


      Plaintiff, a state prisoner, brings this action under 42 U.S.C. § 1983, complaining that she was transferred from the Franklin Pre-Release Center, where she worked as a porter, to the Ohio Reformatory for Women without notice, hearing or opportunity to appeal, all in violation of her right to due process of law. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

      Ordinarily, prisoners have no constitutionally protected liberty interest in being assigned to any particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 235 (1976). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225. Even if the inmate believes that conditions at the transferee institution are more onerous, prison officials have the discretion, under the Constitution, to authorize transfers so long as the conditions at the transferee prison do not impose "atypical and significant hardships on the inmate in relation to the ordinary incidents

of prison life." *See Sandin v. Conner*, 515 U.S. 472 (1995). *Cf. Wilkinson v. Austin*, 545 U.S. 209 (2005)(recognizing an inmate's liberty interest in not being transferred to Ohio's "supermax" institution without due process of law).

Plaintiff does not allege that conditions at the Ohio Reformatory for Women give rise to a liberty interest in not being transferred to that institution. It follows, then, that the Constitution's due process clause did not require that plaintiff be given notice, hearing and opportunity to appeal her transfer.

Because the *Complaint* fails to state a claim upon which relief can be granted, it is **RECOMMENDED** that the action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object tothe *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King
                                   Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge

DATE: May 4, 2012