**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

D'NANEKAI CARRIGAN-TERRELL,

       Plaintiff,

  vs.                           Civil Action 2:12-cv-387
                                     Judge Graham
                                     Magistrate Judge King

DOCTOR SILVIA, *et al.*,

       Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this action under 42 U.S.C. § 1983, complaining that she was transferred from the Franklin Pre-Release Center ("FPRC"), where she worked as a porter, to the Ohio Reformatory for Women ("ORW") without notice, hearing or opportunity to appeal, all in violation of her right to due process of law. The undersigned originally recommended that the action be dismissed because the tendered complaint failed to allege conditions at ORW that would give rise to a liberty interest in not being transferred to that institution without notice and opportunity to be heard. *Report and recommendation*, Doc. No. 6. That recommendation was withdrawn after plaintiff filed a document alleging specific conditions that plaintiff believes would give rise to a liberty interest and, therefore, a right to due process. *Order*, Doc. No. 9. This matter is now before the Court on defendants' motion for judgment on the pleadings, Doc. No. 15. Although plaintiff was specifically advised of her right to respond to that motion, *Order*, Doc. No. 17, there has been no response.

A motion for judgment on the pleadings under Fed. R. Civ. P.

12(c) is resolved by reference to the standard applicable to a motion

to dismiss for failure to state a claim under Fed. R. Civ. P.

12(b)(6). *See also HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611

(6th Cir. 2012). A motion to dismiss under Rule 12(b)(6) attacks the

legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon

Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). Thus, all the factual

allegations in the complaint are accepted as true and a motion for

judgment on the pleadings will be granted only if the pleading fails

to allege "enough facts to state a claim to relief that is plausible

on its face." *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See

also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are

well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement

to relief.").

Ordinarily, prisoners have no constitutionally protected liberty

interest in being assigned to any particular institution. *Olim v.

Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215

(1976); *Montanye v. Haymes*, 427 U.S. 235 (1976).  "Confinement in any

of the State's institutions is within the normal limits or range of

custody which the conviction has authorized the State to impose."

*Meachum*, 427 U.S. at 225.  Even if the inmate believes that conditions

at the transferee institution are more onerous, prison officials have

the discretion, under the Constitution, to authorize transfers so long

as the  conditions at the transferee prison do not impose "atypical

and significant hardships on the inmate in relation to the ordinary

incidents of prison life."  *See Sandin v. Conner*, 515 U.S. 472 (1995).

*Cf. Wilkinson v. Austin*, 545 U.S. 209 (2005)(recognizing an inmate's

liberty interest in not being transferred to Ohio's "supermax"

institution without due process of law).

Exhibits attached to plaintiff's complaint indicate that

plaintiff was transferred to ORW for treatment of mental health issues

and because FPRC has been changed to an all-male facility.  According

to plaintiff, mentally ill inmates at ORW are removed from the general

population for six (6) months and have no contact with others for "one

week or longer depending on how quick an inmate works. . . ." *Motion*

*to Oppose Dismissal*, Doc. No. 8, p. 2.  Plaintiff is afforded a daily

shower at ORW and, should she comply with treatment objectives,

recreation.  *Id*.  These conditions can be contrasted with those at

Ohio's "supermax" facility:

> [A]lmost all human contact is prohibited, even to
> the point that conversation is not permitted from
> cell to cell; the light, though it may be dimmed,
> is on for 24 hours; exercise is for 1 hour per
> day, but only in a small indoor room. Save
> perhaps for the especially severe limitations on
> all human contact, these conditions likely would
> apply to most solitary confinement facilities,
> but here there are two added components. First is
> the duration. Unlike the 30-day placement in
> *Sandin*, placement at OSP is indefinite and, after
> an initial 30-day review, is reviewed just
> annually. Second is that placement disqualifies
> an otherwise eligible inmate for parole
> consideration.

*Wilkinson v. Austin*, *supra*, 545 U.S. at 223-24.  These are simply not

the conditions described by plaintiff at ORW.

Because conditions at ORW, as alleged by plaintiff, do not give

rise to a liberty interest in not being transferred to that

institution, the Constitution's due process clause did not require

that plaintiff be given notice, hearing and opportunity to appeal her

transfer.

It is **RECOMMENDED** that defendants' motion for judgment on the pleadings, Doc. No. 15, be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

DATE: October 29, 2012

4