IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

D'NANEKAI CARRIGAN-TERRELL,

      Plaintiff,

  vs.                                        Civil Action 2:12-cv-387
                                                Judge Graham
                                                Magistrate Judge King

DOCTOR SILVIA, *et al.*,

      Defendants.

## ORDER

      Plaintiff, a state prisoner, alleges that she was transferred from the Franklin Pre-Release Center ("FPRC"), where she worked as a porter, to the Ohio Reformatory for Women ("ORW") without notice, hearing or opportunity to appeal, all in violation of her right to due process of law. On October 29, 2012, the United States Magistrate Judge recommended that defendants' motion for judgment on the pleadings, Doc. No. 15, be granted. *Report and Recommendation*, Doc. No. 18. This matter is now before the Court on plaintiff's objections to that recommendation. *Motion for Relief*, Doc. No. 20. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

      As the Magistrate Judge noted, state inmates are vested with a liberty interest and the due process clause of the United States Constitution entitles a state prisoner to notice and opportunity to be heard prior to a transfer to another institution only where conditions at the other institution impose "atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472 (1995). *Cf. Wilkinson v. Austin*, 545 U.S. 209

(2005)(recognizing an inmate's liberty interest in not being transferred to Ohio's "supermax" institution without due process of law).  The conditions at ORW as reflected in the exhibits attached to plaintiff's complaint do not meet that standard.

In her objections, plaintiff does not disagree with either the reasoning or recommendation of the Magistrate Judge.  Rather, plaintiff presents her own recommendations as to what she believes are appropriate procedures that should be followed before an inmate is transferred to another prison.  However, the due process clause of the United States Constitution attaches only to constitutionally-protected liberty interests.  Because plaintiff has not established that she has a constitutionally-protected liberty interest in remaining at FPRC, the Constitution did not require due process in connection with plaintiff's transfer from that institution to ORW.

Defendants' motion for judgment on the pleadings, Doc. No. 15, is therefore **GRANTED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case.


Date: November 26, 2012               s/James L. Graham
                                      James L. Graham
                                      United States District Judge